UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
3:14-cv-651-FDW

CHRISTOPHER OXENDINE-BEY,          )
                                   )
            Plaintiff,             )
                                   )
     vs.                           )
                                   )        **ORDER**
                                   )
JOHN MITCHELL, et al.,             )
                                   )
            Defendants.            )
_____)

**THIS MATTER** comes before the Court on initial review of Plaintiff's Amended Complaint, filed under 42 U.S.C. § 1983, (Doc. No. 7). See 28 U.S.C. §§ 1915(e); 1915A. On December 10, 2014, the Court entered an order waiving the initial filing fee and directing monthly payments to be made from Plaintiff's prison account. (Doc. No. 6). Thus, Plaintiff is proceeding in forma pauperis.

**I.     BACKGROUND**

Pro se Plaintiff Christopher Oxendine-Bey is a prisoner of the State of North Carolina, currently incarcerated at Lanesboro Correctional Institution. Plaintiff filed this action on November 21, 2014, pursuant to 42 U.S.C. § 1983, naming the following individuals as Defendants: (1) John Mitchell, identified as the Superintendent of Lanesboro Correctional Institution ("Lanesboro"); (2) Terry Lemon, identified as a Sergeant at Lanesboro; (3) John Brooks, identified as an officer at Lanesboro; (4) John Aaron, identified as a Unit Manager at Lanesboro; (5) Jane Mims, identified as a Sergeant at Lanesboro; (6) Jane Roic, identified as an officer at Lanesboro; (7) John Beaver, identified as the Assistant Superintendent of Lanesboro; (8)

FNU Kiker, identified as an officer at Lanesboro; and (9) FNU Abernathy, identified as an officer at Lanesboro. Plaintiff amended his Complaint on May 4, 2015.

Plaintiff alleges in the Amended Complaint that Defendants violated his Eighth Amendment rights by failing to protect him from a known threat from gang members in the prison. (Id.). Specifically, Plaintiff alleges that on June 8, 2014, he submitted a grievance, stating that he feared for his life, health, and safety because Lanesboro prison officials had placed Plaintiff in a gang member housing program called the progressive housing unit in the Moore Unit of Lanesboro, and that certain gang members who were on that unit had threatened to hurt Plaintiff. Plaintiff alleges that the gang members had "plac[ed] a hit out on him, due to him being [labelled] a snitch due to him reporting illegal activity between staff and inmates." (Id. at 2). Plaintiff requested in the grievance to be placed in protective custody or to be transferred to another prison, but his request was denied. (Id.). Plaintiff alleges that on August 18, 2014, he was "viciously attacked by inmate Bond who is a[] very well known gang member, [while] he was standing inside of the day area." (Id.). Plaintiff alleges that he was sent to segregation and charged with fighting even though Plaintiff was acting in self-defense. Plaintiff alleges that because of the attack by Bond Plaintiff was placed on a security threat group watch list and was "force[d] back into [a] gang member housing block on Moore Unit." (Id. at 3). Plaintiff alleges that Defendant Roie rewarded inmate Bond "for viciously attacking the plaintiff due to [Roie's] dislike of [Plaintiff] because of him filing lawsuits and grievance forms against them for violating his constitutional right and report illegal drug [activities] between inmates and staff [at] the facility, and they deliberately set the plaintiff up to be assaulted by this inmate to try to teach plaintiff a lesson about running his mouth." (Id. at 3-4). Plaintiff alleges that before the attack by inmate Bond Plaintiff

2

informed Defendants Mitchell, Beaver, Lemon, Aaron, and Mims that he feared for his safety because of threats by gang members.

Plaintiff also alleges that, on October 9, 2014, while Plaintiff was housed in the progressive housing unit program, an inmate named Anthony Leslie "viciously attacked" Plaintiff, stabbing Plaintiff 17 times with a shank while Plaintiff was returning from breakfast. (Id. at 8). Plaintiff alleges that, before the attack by inmate Leslie, Plaintiff had told Defendants Brooks and Kiker that he feared for his safety and requested to be placed in protective custody, but the request was denied. (Id.). Plaintiff alleges that, as a result of the two attacks from inmates Bond and Leslie, he "suffered two, separate black eyes, nerve damage inside of his left arm, where he was stabbed 12 times, neck, and back pain where the plaintiff was constantly kicked, stomped, and punched in his face, head, neck, and ribs, and the plaintiff also suffered a fracture or broken ribs and mental and emotional stress." (Id. at 11). Plaintiff seeks compensatory and punitive damages. (Id.).

## II.     STANDARD OF REVIEW

Because Plaintiff is proceeding in forma pauperis, the Court must review the Complaint to determine whether it is subject to dismissal on the grounds that it is "frivolous or malicious [or] fails to state a claim on which relief may be granted." 28 U.S.C. § 1915(e)(2). Furthermore, under § 1915A the Court must conduct an initial review and identify and dismiss the complaint, or any portion of the complaint, if it is frivolous, malicious, or fails to state a claim upon which relief may be granted; or seeks monetary relief from a defendant who is immune to such relief.

In its frivolity review, this Court must determine whether the Complaint raises an indisputably meritless legal theory or is founded upon clearly baseless factual contentions, such as fantastic or delusional scenarios. Neitzke v. Williams, 490 U.S. 319, 327-28 (1989).

3

Furthermore, a pro se complaint must be construed liberally. Haines v. Kerner, 404 U.S. 519, 520 (1972). However, the liberal construction requirement will not permit a district court to ignore a clear failure to allege facts in his Complaint which set forth a claim that is cognizable under federal law. Weller v. Dep't of Soc. Servs., 901 F.2d 387 (4th Cir. 1990).

## III. DISCUSSION

"Being violently assaulted in prison is simply not part of the penalty that criminal offenders pay for their offenses against society." Farmer v. Brennan, 511 U.S. 825, 834 (1994) (quotation marks omitted). As such, the Eighth Amendment's Cruel and Unusual Punishments Clause imposes on prison officials "a duty . . . to protect prisoners from violence at the hands of other prisoners." Id. at 833 (quotation marks omitted). Still, not "every injury suffered by one prisoner at the hands of another . . . translates into constitutional liability for prison officials responsible for the victim's safety." Id. at 834. To state a claim for damages against a prison official for failure to protect from inmate violence, an inmate must plead facts that show (1) he was incarcerated under conditions posing a substantial risk of serious harm, (2) the official was deliberately indifferent to that substantial risk to his health and safety, and (3) the official's deliberate indifference caused him harm. Id. at 834.

"Deliberate indifference" in this context is a subjective standard in that the prison official must actually have known or been aware of the excessive risk to inmate safety. Id. at 835-37. It is not sufficient that the official should have known of the risk. Id. A plaintiff can, however, prove an official's actual knowledge of a substantial risk to his safety "in the usual ways, including inference from circumstantial evidence." Id. at 842. In other words, "a factfinder may conclude that a prison official knew of a substantial risk from the very fact that the risk was

4

obvious." Id.

Prison officials may escape liability for deliberate indifference claims in several ways. They "might show, for example, that they did not know of the underlying facts indicating a sufficiently substantial danger and that they were therefore unaware of a danger, or that they knew the underlying facts but believed (albeit unsoundly) that the risk to which the facts gave rise was insubstantial or nonexistent." Id. at 844. "In addition, prison officials who actually knew of a substantial risk to inmate health or safety may be found free from liability if they responded reasonably to the risk, even if the harm ultimately was not averted." Id. "Whether one puts it in terms of duty or deliberate indifference, prison officials who act reasonably cannot be found liable" on a failure-to-protect claim. Id. at 845.

Here, the Court finds that Plaintiff sufficiently states a failure to protect claim against Defendants. Plaintiff specifically alleges that each of the Defendants was notified of Plaintiff's complaints about the threats by gang members, and that they did nothing to protect Plaintiff from the gang members' attacks. It is true that respondeat superior is not applicable in Section 1983 actions, and discovery may reveal that some of the named Defendants did not know of the alleged threats. See Monell v. Dep't of Soc. Servs., 436 U.S. 658, 694 (1978). Such individuals cannot be held liable based merely on their positions as supervisors. However, taking as true Plaintiff's allegations, and construing all inferences in his favor, the Court finds that Plaintiff's allegations survive initial review.

## IV. CONCLUSION

**IT IS, THEREFORE, ORDERED** that:

1. Plaintiff's allegations survive initial review as to Defendants. See 28 U.S.C. §§ 1915(e);

1915A.

2. The Clerk is directed to mail summons forms to Plaintiff for Plaintiff to fill out and identify Defendants in the summonses for service of process, and then return the summonses to the Court. Plaintiff is required to provide the necessary information for the U.S. Marshal to effectuate service. That is, in filling out each summons form, Plaintiff must attempt to identify the name of each Defendant, the position and place of employment for each Defendant, as well as each Defendant's address, to the best of Plaintiff's ability. Once the Court receives the summonses from Plaintiff, the Clerk shall then direct the U.S. Marshal to effectuate service upon the named Defendants.

Signed: May 7, 2015

Frank D. Whitney
Chief United States District Judge